**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO, ex rel. HECTOR BALDERAS, Attorney General,

Plaintiff,

vs. No. CIV 21-0284 JB/JFR

UNITED STATES NUCLEAR REGULATORY COMMISSION, CHRISTOPHER HANSON, in his official capacity as Chairman of the Commission, and the UNITED STATES OF AMERICA,

Defendants.

**ORDER**[1]

**THIS MATTER** comes before the Court on: (i) the Motion of Holtec International for Leave to Intervene, filed April 29, 2021 (Doc. 4)("MTI"); and (ii) the Federal Defendants' Motion to Dismiss First Amended Complaint; Brief in Support, filed June 17, 2021 (Doc. 12)("MTD"). The Court held a hearing on January 20, 2022. See Clerk's Minutes at 1, filed January 20, 2022 (Doc. 47). The primary issues are: (i) whether Holtec International has an interest that the Defendants do not adequately represent, where the State of New Mexico seeks declaratory and injunctive relief challenging Holtec International's application to the Nuclear Regulatory Commission ("NRC") for a license to construct and operate a consolidated interim storage facility ("CISF") for high-level nuclear waste in Eddy County and Lea County, New Mexico; and

[1]This Order disposes of the Motion of Holtec International for Leave to Intervene, filed April 29, 2021 (Doc. 4), and the Federal Defendants' Motion to Dismiss First Amended Complaint; Brief in Support, filed June 17, 2021 (Doc. 12). The Court will issue at a later date, however, a Memorandum Opinion more fully detailing its rationale for this decision.

(ii) whether the Court has jurisdiction over this case pursuant to (a) the Atomic Energy Act, 42 U.S.C. §§ 2011-2297g-4 ("AEA"), (b) the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270 ("NWPA"), (c) the Administrative Procedure Act, 5 U.S.C. §§ 551-559 ("APA"), (d) the Tenth Amendment to the Constitution of the United States of America, U.S. Const. amend. X, or (e) Leedom v. Kyne, 358 U.S. 184 (1958), and its progeny, where New Mexico alleges that (a) the NRC has engaged in ultra vires actions by considering Interim Storage Partners, LLC's license application[2] to construct and operate a CISF in Andrews County, Texas, and Holtec International's CISF license application, when the NWPA requires the Department of Energy ("DOE") first to establish a permanent repository for spent nuclear fuel ("SNF") before taking title to SNF, and the DOE has not established one, and (b) the NRC closed the administrative record in the underlying CISF proceedings before it disclosed the existence of unfunded mandates. The Court will grant Holtec International's MTI, for the reasons stated on the record at the January 20, 2022 hearing. See Transcript of Hearing at 8:20-9:15, id. 14:13-19 (taken January 20, 2022)(Court)("Tr.").[3] The Court will also grant the Defendants' MTD, because the Court does not have jurisdiction over New Mexico's claims.

---

[2]The Amended Complaint challenges the NRC's licensing of Interim Storage Partners, LLC's CISF in Andrews County, Texas, in addition to Holtec International's license application. The NRC granted Interim Storage Partners' license on September 13, 2021, after New Mexico filed its Amended Complaint. See Interim Storage Partners, LLC; WCS Consolidated Interim Storage Facility; Issuance of Materials License and Record of Decision, 86 Fed. Reg. 51,926 (September 17, 2021). On November 15, 2021, New Mexico filed a Petition for Review of the NRC's decision to grant Interim Storage Partners' license in the United States Court of Appeals for the Tenth Circuit. See Notice of New Mexicos' [sic] Filing in the United States Court of Appeals for the Tenth Circuit at 1, filed November 16, 2021 (Doc. 31).

[3]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

**I. THE COURT DOES NOT HAVE JURISDICTION TO REVIEW THE NRC'S DECISION TO GRANT INTERIM STORAGE PARTNERS A CISF LICENSE, BECAUSE THE AEA AND NWPA GRANT EXCLUSIVE JURISDICTION TO THE COURTS OF APPEALS FOR THE REVIEW OF NRC FINAL ACTIONS.**

In its Amended Complaint, New Mexico challenges the NRC's authority to entertain and grant a license for Interim Storage Partners and Holtec International to construct and operate CISFs in Texas and New Mexico, respectively. See First Amended Complaint for Declaratory Judgement ¶¶ 2-4, at 2-3, filed May 17, 2021 (Doc. 7)("Complaint"). The NRC issued Interim Storage Partners' license on September 13, 2021, after New Mexico filed its Amended Complaint. See Interim Storage Partners, LLC; WCS Consolidated Interim Storage Facility; Issuance of Materials License and Record of Decision, 86 Fed. Reg. 51,926 (September 17, 2021). New Mexico subsequently -- on November 15, 2021 -- filed a Petition for Review of this decision in the United States Court of Appeals for the Tenth Circuit. See Notice of New Mexicos' [sic] Filing in the United States Court of Appeals for the Tenth Circuit at 1, filed November 16, 2021 (Doc. 31). Additionally, New Mexico indicated its intention to "file a petition to modify, suspend and/or revoke" Interim Storage Partners' "license with the NRC, pursuant to 10 C.F.R. § 2.206," based on the NRC's alleged violations of the APA and National Environmental Policy Act, 42 U.S.C. §§ 4321-4370m-12 ("NEPA"). Petition for Review at 5, filed November 16, 2021 (Doc. 31-1). New Mexico asserts that the Tenth Circuit has jurisdiction to review the NRC's decision pursuant to the AEA, NWPA, and the National Environmental Policy Act, 42 U.S.C. §§ 4321-4370m-12 ("NEPA"). See Petition for Review at 1.

The Defendants assert that the AEA, and 10 C.F.R. Part 72, not the NWPA, govern the licensing of CISF facilities that private parties operate. See Federal Defendants' Reply in Support

of Their Motion to Dismiss the First Amended Complaint at 7, filed August 16, 2021 (Doc. 26)("Reply"). The AEA provides:

> Any person, agency, or other entity proposing to develop a storage or disposal facility . . . for high-level radioactive wastes[4] . . . shall notify the Commission[5] as early as possible after the commencement of planning for a particular proposed facility. The Commission shall in turn notify the Governor and the State legislature of the State of proposed situs whenever the Commission has knowledge of such proposal.

42 U.S.C. § 2021a(a). The AEA mandates that any "final order" that "grant[s], suspend[s], revok[es], or amend[s] . . . any license or construction permit" "shall be subject to judicial review in the manner prescribed in chapter 158 of title 28, United States Code, and chapter 7 of title 5, United States Code." 42 U.S.C. § 2239. In relevant part, 28 U.S.C. § 2342 provides that, "[t]he court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders of the Atomic Energy Commission made reviewable by section 2239 of title 42." 28 U.S.C. § 2342. The Tenth Circuit has affirmed that "[j]urisdiction to review final orders of the NRC lies exclusively in the United States Courts of Appeal." Envtl. Def. Fund v. United States Nuclear Regulatory Com., 902 F.2d 785, 786-87 (10th Cir. 1990)(citing 42 U.S.C. § 2239(b); 28 U.S.C. § 2342(4)). Here, the NRC's order issuing Interim Storage Partners' license is a final agency action, over which the Tenth Circuit has exclusive jurisdiction

---

[4]"The term[] 'high-level radioactive waste' . . . ha[s] the meaning[] given . . . in section 2 of the Nuclear Waste Policy Act of 1982." 42 U.S.C. § 2014(dd). According to the NWPA, high-level radioactive waste means "the highly radioactive material resulting from the reprocessing of spent nuclear fuel, including liquid waste produced directly in reprocessing and any solid material derived from such liquid waste that contains fission products in sufficient concentrations," and "other highly radioactive material that the Commission, consistent with existing law, determines by rule requires permanent isolation." 42 U.S.C. § 10101(12).

[5]"The term 'Commission' means the Atomic Energy Commission." 42 U.S.C. § 2014(f).

pursuant to 42 U.S.C. § 2239. This Court, therefore, does not have jurisdiction to review the NRC's issuance of Interim Storage Partners' license.

## II. THE COURT DOES NOT HAVE JURISDICTION TO REVIEW NRC'S LICENSING PROCESS FOR HOLTEC INTERNATIONAL, BECAUSE THE NRC HAS NOT ISSUED A FINAL ORDER, AND IF THE NRC HAS ISSUED A FINAL ORDER, THE COURTS OF APPEALS HAVE EXCLUSIVE JURISDICTION TO REVIEW THE ORDER.

New Mexico contends that the NRC is violating the NWPA by merely "*accepting* applications," that are "outside of its granted authority under the NWPA," and that "unconstitutionally commandeer State funds and officials for infrastructure improvements and emergency response." Plaintiffs' Opposition to Federal Defendants' Motion to Dismiss at 17, filed July 19, 2021 (Doc. 23)("Response")(emphasis in original). New Mexico argues that NRC is acting in ultra vires by accepting Holtec International's license application, because 42 U.S.C. §§ 10222(a)(5)(A) and 10143 require that a permanent -- and not an interim -- repository for high-level nuclear waste be established before the Department of Energy may take title to that waste, see Complaint ¶ 32, at 9 (citing 42 U.S.C. §§ 10222(a)(5)(A), 10143), and that federal regulations "do not define or use the term 'Consolidated Interim Storage Facility,' or contemplate the existence of a single, private, and massive SNF storage facility designed to store the entire nation's SNF for an indefinite period of time," Complaint ¶ 32, at 9. Like the AEA, the NWPA confers exclusive jurisdiction on the United States Courts of Appeals to review NRC's final decisions or actions:

> (1) Except for review in the Supreme Court of the United States, the United States courts of appeals shall have original and exclusive jurisdiction over any civil action --

> (A) for review of any final decision or action of the Secretary,[6] the President, or the Commission[7] under this subtitle[8];
>
> (B) alleging the failure of the Secretary, the President, or the Commission to make any decision, or take any action, required under this subtitle;
>
> (C) challenging the constitutionality of any decision made, or action taken, under any provision of this subtitle;
>
> (D) for review of any environmental impact statement prepared pursuant to the National Environmental Policy Act of 1969 (42 U.S.C. 4321 et seq.) with respect to any action under this subtitle, or as required under section 135(c)(1), or alleging a failure to prepare such statement with respect to any such action;
>
> (E) for review of any environmental assessment prepared under section 112(b)(1) or 135(c)(2). . . .

42 U.S.C. § 10139. Insofar as the NRC has not yet finalized its decision to license Holtec International's CISF, New Mexico's challenge to Holtec International's license application is not yet ripe for review. This fact, however, does not confer jurisdiction on the Court. New Mexico argues that the Court has jurisdiction over its claim that the Defendants violated New Mexico's Tenth Amendment rights, see Response at 19-20, but asserting a Tenth Amendment claim does not confer jurisdiction on the Court, where the NWPA and AEA confer exclusive jurisdiction on the Courts of Appeals for the review of NRC actions, see 42 U.S.C. § 10139(C); 42 U.S.C. § 2239.

New Mexico also asserts that the Court has jurisdiction under the APA. See Response at 21-22 (citing 5 U.S.C. § 706(2)(a)-(c)). New Mexico argues that the AEA does not preclude

---

[6]"The term 'Secretary' means the Secretary of Energy." 42 U.S.C. § 10101(20).

[7]"The term 'Commission' means the Nuclear Regulatory Commission." 42 U.S.C. § 10101(7).

[8]This subtitle is "Repositories for Disposal of High-Level Radioactive Waste and Spent Nuclear Fuel." 42 U.S.C. §§ 10131-10145.

judicial review under the APA, see Response at 22-23 (citing 5 U.S.C. § 701(a)(1)), because New Mexico is challenging "unconstitutional, *ultra vires* actions that do not arise from the 'granting, suspending, revoking, or amending or any license,'" and, therefore, fall outside the scope of the AEA's judicial review provisions. Response at 23 (quoting 42 U.S.C. § 2239(b)(1)). The APA provides:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.

5 U.S.C. § 704. Holtec International's license application is not yet a final agency action, but the NRC's acceptance of its license application is "preliminary, procedural, or intermediate agency action," 5 U.S.C. § 704, which will become reviewable under the APA once the NRC has reached the "consummation" of its "decisionmaking process" or made a decision "from which legal consequences will flow," Bennett v. Spear, 520 U.S. 154, 177-78 (1997)(internal quotations and citations omitted). At that point, the Courts of Appeals will have exclusive jurisdiction. See 42 U.S.C. § 2239; Envtl. Def. Fund v. United States Nuclear Regulatory Com., 902 F.2d at 786-87; Telecomms. Research & Action Ctr. v. FCC, 750 F.2d 70, 77 (D.C. Cir. 1984)("We also conclude that our present jurisdiction over claims that affect our future statutory review authority is exclusive."). The Tenth Circuit has held that "petitions to compel final agency action which would only be reviewable in the United States Courts of Appeal are also within the exclusive jurisdiction of a United States Court of Appeals." Envtl. Def. Fund v. United States Nuclear Regulatory Com., 902 F.2d at 786-87 (citing Telecomms. Research & Action Ctr. v. FCC, 750 F.2d at 77). The Court cannot see why a petition to challenge preliminary or procedural agency conduct -- such as New Mexico asserts here -- should be treated differently than a petition to compel agency conduct,

unless "a denial of review in the District Court will truly foreclose all judicial review," and there is no other relief available. Telecomms. Research & Action Ctr. v. FCC, 750 F.2d at 78. The United States Court of Appeals for the D.C. Circuit has stated:

> There may be a small category of cases in which the underlying claim is not subject to the jurisdiction of the Court of Appeals (and thus adjudication of the claim in the District Court will not affect any future statutory review authority of the Circuit Court). In such cases, where a denial of review in the District Court will truly foreclose all judicial review, district court review might be predicated on the general federal question jurisdiction statute, 28 U.S.C. § 1331.

Telecomms. Research & Action Ctr. v. FCC, 750 F.2d at 78 (citing Leedom v. Kyne, 358 U.S. 184 (1958)). New Mexico contends that it fits this exception and that the Court has equitable jurisdiction over this case pursuant to Leedom v. Kyne, 358 U.S. 184. See Response at 7-8, 17. Leedom v. Kyne states that district court review is available where no other relief is available, see 358 U.S. at 189-190, but the Supreme Court has since held that this exception does not apply where a petitioner has a "meaningful and adequate opportunity for judicial review" in the Courts of Appeals, Bd. of Governors of the Fed. Res. Sys. v. MCorp Fin., 502 U.S. 32, 43-44 (1991). Because New Mexico will have a meaningful and adequate opportunity to raise its ultra vires and unfunded mandates arguments before the Court of Appeals if the NRC issues Holtec International's license, the Court does not have jurisdiction to hear this case under Leedom v. Kyne, 358 U.S. 184 (1958).

**IT IS ORDERED** that: (i) the Motion of Holtec International for Leave to Intervene, filed April 29, 2021 (Doc. 4), is granted; and (ii) the Federal Defendants' Motion to Dismiss First Amended Complaint; Brief in Support, filed June 17, 2021 (Doc. 12), is granted.

UNITED STATES DISTRICT JUDGE

*Counsel*:

Hector H. Balderas
New Mexico Attorney General
Cholla Khoury
William G. Grantham
Zachary E. Ogaz
Assistant Attorneys General
New Mexico Office of the Attorney General
Albuquerque, New Mexico

-- and --

Marcus J. Rael, Jr.
Robles, Rael & Anaya, PC
Albuquerque, New Mexico

-- and --

Allan Kanner
Annemieke Monique Tennis
Kanner and Whiteley, L.L.C.
New Orleans, Louisiana

*Attorneys for the Plaintiff*

Andrew A. Smith
Senior Trial Attorney
Jennifer A. Najjar
Trial Attorney
United States Department of Justice
Washington, D.C.

*Attorneys for Defendants Nuclear Regulatory Commission and Christopher Hanson*

Hugh M. Ray, III
Pillsbury Winthrop Shaw Pittman LLP

Houston, Texas

-- and --

Jay E. Silberg
Anne Leidich
Pillsbury Winthrop Shaw Pittman LLP
Washington, D.C.

*Attorneys for Intervenor Holtec International*